UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINJA "KYNG PARIAH" JOHNSON,

                Plaintiff,

-against-

ROSE M. SINGER CENTER, et al.,

                Defendants.

22-CV-2410 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated May 31, 2022, the Court granted Plaintiff leave to file an amended complaint within 60 days of the date of that order. The Court granted her leave to assert facts in support of her claims that (1) officers with the New York City Police Department ("NYPD") violated her rights during a January 31, 2022, arrest, and that (2) individual correctional staff at the Rose M. Singer Center ("RMSC") violated her constitutional rights during her detention following her arrest.

      The Court also severed Plaintiff's claims alleging violations of the federal Copyright Act. The Clerk of Court opened a new action with respect to those claims, *see Johnson v. Carter*, ECF 1:22-CV-4559, 1, but after Plaintiff failed to pay the filing fees or seek leave to proceed *in forma pauperis*, the Court dismissed that action without prejudice, ECF 1:22-CV-4559, 4.

      After the Court granted Plaintiff leave to file an amended complaint to assert claims regarding her arrest and subsequent detention, she filed two amended pleadings and several letters. The first amended complaint (ECF 7) reasserts Plaintiff's copyright claims that the Court severed from this action. The Court therefore directs the Clerk of Court to strike that submission from this action.

In the second amended complaint (ECF 8), Plaintiff names several individual defendants but does not state why she has named these individuals. She also does not state any facts in the complaint connecting the named defendants to any unconstitutional conduct.

In Plaintiff's letters (ECF 9-12), she indicates that she was transferred to Mid-Hudson Forensic Psychiatric Center and Kirby Hospital. Plaintiff's most recent letter (ECF 13), received by the Court on December 2, 2022, indicates that Plaintiff has returned to RMSC.

Because Plaintiff has not complied with the Court's May 31, 2022, order that requested facts in support of her claims that her rights were violated during her January 31, 2022, arrest or during her detention at RMSC, the Court dismisses this action for failure to state a claim upon which relief may be granted. The Court also dismisses the claims against defendants who are immune from liability under the doctrine of prosecutorial immunity.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In Plaintiff's amended complaint, she names several individuals, but she does state facts connecting these defendants to any harms experienced by her. Rather, in the amended complaint's statement of claim, Plaintiff alleges that in "New York, USA, California," from 2018 to the present, Defendants "not allowing me to participate in activities . . . like college classes w/stronger application." (ECF 8, at 5.)

For her injuries, Plaintiff states that she has suffered "defamation, pain & suffering, broken left foot spasms in back (chronic), perjury, conspiracy to murder, cover up, false imprisonment, torture, spiteful, malicious behavior." (*Id.* at 6.) For relief, she seeks: (1) "remove 730 eval as an option because officials abuse it"; (2) "ever[y] one involved prosecuted"; (3) "I want my freedom"; (4) "expunging of criminal record like before Jan. 10, 2018"; and (5) $100,000,000.

Attached to the amended complaint are several documents Plaintiff filed with the New York City Comptroller concerning the following two events: (1) an April 3, 2022, incident involving an RMSC detainee, in which a correction officer named Garcia – who is not named as a defendant – "wouldn't let floor c/o Colon (female) put in an injury report" and "the clinic (R.M.S.C.) the next day did not x-ray they didn't want to expose me to radiation was giving pain pills (neoproxen & Tylenol note: (I have scoliosis)) and bengay)," (ECF 8, at 10) (cleaned up); (2) a June 10, 2022, incident when she was in the recreational yard and "shot a jump shot & landed on my foot & it broke from the shoes they give us not being supportive & us not being able to wear shoes we come in with," (*id.* at 16).

Plaintiff also attaches to her amended complaint her docket sheet from her ongoing criminal case, which indicates that on January 31, 2022, Plaintiff was arrested and taken into the custody of the New York City Department of Correction. *See People v. Johnson*, No. IND-

70354-22 (N.Y. Sup. Ct.). Those records, as well as a publicly available, updated docket sheet, also indicate that Plaintiff received psychiatric treatment from April 14, 2022, to June 15, 2022, and from August 9, 2022, to October 24, 2022. (ECF 8, at 21.)

Finally, Plaintiff attaches (1) her treatment plan from Mid-Hudson Psychiatric Center, which provides a detailed description of her mental and physical conditions, (2) correspondence between her and individuals employed at Mid-Hudson, (3) her discharge papers from Mid-Hudson, (4) medical release forms, and (5) mental health progress notes produced by Correctional Health Services. Because of the private nature of these documents, the Court has asked the Clerk of Court to limit electronic access to Plaintiff's amended complaint.[1]

## DISCUSSION

### A.   Civil Rights Violations

Plaintiff initiated this action, alleging that her rights were violated during her January 31, 2022, arrest, and her subsequent detention at the RMSC. The Court construed these claims as arising under 42 U.S.C. § 1983 and directed Plaintiff to identify the constitutional rights that were violated, name the individuals who violated her rights, and allege facts suggesting that such individuals were involved personally in the alleged constitutional deprivation.

#### 1.   Prosecution Claims

As noted above, Plaintiff does not state facts suggesting that any of the named defendants violated her constitutional rights. For example, Plaintiff names two prosecutors, Adam Birhabam and John Johnson, but she does not allege any facts regarding their involvement in any constitutional violations. Even if she had stated facts regarding their personal involvement, these

---

[1] Plaintiff also attaches several IFP applications and prisoner authorization forms to her complaint. It is unclear if she intended to file these documents for her other actions.

defendants are absolutely immune from any liability. *See Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).

The Court therefore dismisses Plaintiff's claims against Adam Birhabam and John Johnson because these claims seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**2. Arrest Claims**

Plaintiff also names several police officers but does not state any facts regarding her arrest. The Court therefore dismisses Plaintiff's claims regarding her arrest for failure to state a claim upon which relief may be granted. The Court dismisses these claims without prejudice, however, as her criminal proceedings regarding that arrest are ongoing. *See generally Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (noting that where a civil action for damages would necessarily be inconsistent with a potential conviction, a civil action may be stayed until the criminal case has ended). The Court therefore dismisses Plaintiff's claims against Officers Lily Graham, Magrino, and Heredia without prejudice.[2]

---

[2] Other named defendants also may be NYPD officers, but Plaintiff does not identify any other defendants as such.

### 3.     Detention Claims

In its order granting Plaintiff leave to amend, the Court provided Plaintiff with the opportunity to assert facts suggesting that the conditions of her confinement at the RMSC violate the Constitution. In the amended pleading, Plaintiff does not state such facts, although she does attach documents regarding her detention. For example, she attaches a complaint she filed with the New York City Comptroller where she alleged that Officer Garcia prevented another correction officer from filing a report regarding an incident between Plaintiff and another detainee. Putting aside the fact that Plaintiff does not name Garcia as a defendant, this allegation does not suggest that Garcia violated Plaintiff's rights.

To state a conditions of confinement claim under the Fourteenth Amendment, Plaintiff must allege facts suggesting that a condition is objectively serious and that a defendant "should have known that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Plaintiff's allegation, however, does not suggest that the condition was sufficiently serious because Garcia's alleged conduct did not pose an excessive risk to Plaintiff's health or safety. Even assuming that Garcia prevented another correction officer from filing a report, Plaintiff does not allege that any harm flowed to her as a result of this alleged intervention because she states that she was treated at a clinic following the incident. Moreover, to the extent Garcia violated any internal rules governing the procedure for reporting incidents between detainees, his failure to do so does not itself rise to the level of a constitutional violation. *See, e.g.*, *Taylor v. Santana*, No. 05-CV-1860, 2007 WL 737485, at *6 (S.D.N.Y. Mar. 6, 2007) (noting that "defendants' failure to follow state regulations does not amount to a constitutional violation."), *aff'd sub nom. Taylor v. Comm'r of New York City Dep't of Corr.*, 317 F. App'x 80 (2d Cir. 2009). Thus, Plaintiff fails to state a claim with respect to Garcia's alleged

conduct with another correction officer and Plaintiff is not entitled to any relief from this individual.

To the extent Plaintiff seeks relief regarding the decision by medical staff not to take an x-ray following the incident with the other detainee, this allegation does not support a constitutional claim because a "mere disagreement over the proper treatment" is not actionable under Section 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Plaintiff also cannot seek relief regarding the injury to her foot, which was broken while playing basketball. Though she blames the footwear that was provided by RMSC correctional staff for the injury, the issuance of inadequate prison footwear is not an objectively serious condition that poses an unreasonable risk of serious damage to a detainee's health or safety. *See Shamel v. Agro*, No. 11-CV-9473 (GBD) (HBP), 2013 WL 686681, at *9 (S.D.N.Y. Jan. 28, 2013) (listing cases from this Circuit holding that problems resulting from being forced to wear institutional footwear are not sufficiently serious).

Finally, Plaintiff's allegation regarding her schooling while at the RMSC does not suggest a violation of her constitutional rights. While New York State law does create a right to a free public education, that right extends only to individuals under the age of 21, *see* N.Y. Educ. L. § 3202(1), including individuals under the age of 21 who are incarcerated, *see* N.Y. Educ. L. § 3202(7) ("A person under twenty-one years of age who has not received a high school diploma and who is incarcerated in a correctional facility maintained by a county or by the city of New York or in a youth shelter is eligible for educational services pursuant to this subdivision and in accordance with the regulations of the commissioner.").[3] According to publicly available records,

---

[3] The United States Constitution does not provide a property right to education, but the Second Circuit has found that under the Fourteenth Amendment, New York's education law

Plaintiff is over the age of 21. She therefore cannot assert that any federally protected right was violated by the New York City Department of Correction's alleged failure to provide her with an education during her detention.

As Plaintiff has not alleged any facts suggesting that her rights have been violated during her detention by any of the named defendants, the Court dismisses these claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.      Challenges to Ongoing Criminal Proceedings

Plaintiff's amended complaint and letters to the Court primarily focus on her current custody, from which she seeks release. Plaintiff may not obtain release from custody, however, through a Section 1983 action; instead, she can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement); *see also Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.").

Under federal law, an individual who seeks release from custody may do so by filing a petition under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Section 2254 is the vehicle to challenge the constitutionality of an individual's custody, after an individual has been convicted in a state court and sentenced to serve a term of imprisonment. *See Cook v. New York State Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). For those individuals who have yet to be sentenced, a petition brought under 28 U.S.C. § 2241 is the vehicle to challenge the

---

creates such a right for those individuals who are under 21 and entitled to an education. *Handberry v. Thompson*, 436 F.3d 52, 71 (2d Cir. 2006).

constitutionality of pretrial detention. *See Hoffler v. Bezio*, 726 F.3d 144, 153 n.8 (2d Cir. 2013) ("Respondents to do not dispute that Hoffler is in 'custody' for purposes of § 2241, and Hoffler does not contend that his § 2241 claim is anything but a challenge to 'detention' for purposes of § 2253(c)(1)(A)."); *see, e.g.*, *Taylor v. New York City*, No. 20-CV-5036, 2020 WL 4369602, at *1 (S.D.N.Y. July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973)).

The Court declines to construe Plaintiff's allegations seeking release as a petition brought under either Section 2241 or Section 2254 because Plaintiff does not allege any facts suggesting that she has exhausted her state court remedies. Exhaustion of state court remedies is required under both federal *habeas corpus* statutes. *See* 28 U.S.C. § 2254(b) and (c)[4]; *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

---

[4] Under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

Should Plaintiff continue to seek release from her current custody, she must first exhaust her state court remedies, and if she is unsuccessful in the state courts, she may return to federal court where she may file a petition for a writ of *habeas corpus*.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses the complaint because it seeks relief from defendants who are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to strike the amended complaint, filed at ECF 7, from this action and return the submission to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   December 20, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge